BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CV-00477-JAM-DAD |
| Plaintiff, | |
| v. | JOINT STATUS REPORT, REQUEST FOR STAY, AND ORDER THEREON |
| VACANT LAND LOCATED IN FOREST RANCH, CALIFORNIA, BUTTE COUNTY, APN: 063-010-067-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al., | |
| | Date:        June 11, 2012 |
| Defendants. | Time:        9:00 a.m. |
| | Courtroom:    No.  10 |

The parties submit the following Joint Status Report, Request for Stay, and Order Thereon (Proposed) pursuant the Court's February 24, 2012 Order:

**1. Summary of Claims**

This is a civil forfeiture case, initiated by a complaint for forfeiture *in rem* filed on February 23, 2012.  The defendant properties, on vacant land in Forest Ranch, California, Butte County, APN: 063-010-067-000, APN: 063-010-061-000 and APN: 063-300-144-000, are subject to forfeiture to the United States because they were used to facilitate federal drug crimes.   Specifically, it is alleged that Robb H. Cheal and

other co-schemers conspired to manufacture at least 1,000 marijuana plants on the defendant properties. The *in rem* complaint alleges that defendant properties are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

Frances Toburen filed a claim on March 28, 2012 and an answer on April 11, 2012. Ms. Toburen denies any knowledge of unlawful conduct on the defendant properties.[1]

Robb H. Cheal filed a claim on April 4, 2012 and an answer on April 20, 2012.

Linda C. Barnes, Butte County Tax Collector, filed a claim and answer in this action on April 19, 2012.

**2.     Service**:

The forfeiture complaint *in rem* was sent to all individuals believed to have an interest in the defendant properties. In addition, notice by publication is complete, as reflected in a declaration of publication filed May 17, 2012.

**3.     Possible joinder of additional parties**:

None Anticipated.

**4.     Any expected or desired amendment of pleadings**:

None anticipated at this time.

**5.     Jurisdiction and venue**:

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1345 and 28

---

[1]     Ms. Toburen issued written discovery to the United States concerning the marijuana evidence used to support the forfeiture complaint and, specifically, her interest in the defendant properties. The discovery was initially due on May 16, 2012, and the United States obtained an extension until June 8, 2012. Any discovery obligations are stayed in light of this Stipulation. Ms. Toburen reserves the right to summarily adjudicate the issues relative to her interest in the defendant properties once the stay has been lifted and discovery completed.

Joint Status Report, Request for Stay, and Order Thereon
[Proposed]

1   U.S.C. § 1355(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1355 and  28

2   U.S.C. § 1395(a).

3

4       **6.      Anticipated motions and suggested dates**:

5       In light of the parties' joint request for a sixty day stay (see below), the parties

6   do not request that motion dates be scheduled at this time.

7

8       **7.      Anticipated and outstanding discovery:**

9       (1)     What changes should be made in the timing, form, or
10              requirement for disclosures under Rule 26(a), including a
                statement as to when disclosures under subdivision (a)(1)
11              were made or will be made:

12      (2)     The subjects on which discovery may be needed, when
                discovery should be completed, and whether discovery should
13              be conducted in phases or be limited to or focused upon
                particular issues:

14      (3)     What changes should be made in the limitations on discovery
                imposed under the Federal Rules of Civil Procedure of the
15              Local Rules, and what other limitations should be imposed:

16      As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil

17  Procedure, civil forfeiture actions are now exempt from the initial disclosure

18  requirements applicable to most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(E)(ii).

19      In addition, rather than fully schedule this case at this time, the parties jointly

20  request a sixty day stay of further proceedings in this matter.

21      The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C.

22  § 881(i).   The United States contends that the defendant properties were used to

23  facilitate federal drug crimes and are therefore subject to forfeiture pursuant to 21

24  U.S.C. § 881(a)(7).

25      Claimant Robb Cheal was indicted on May 17, 2012 in the Eastern District of

26  California on one count of conspiracy to manufacture and possess with intent to

27  distribute marijuana, one count of possession with intent to distribute marijuana, and

28  one county of manufacture of marijuana plants.  *United States v. Robb Cheal, et al.*,

Joint Status Report, Request for Stay, and Order Thereon
[Proposed]

1   2:12-CR-00185-JAM.

2        The United States intends to depose claimant Cheal regarding his claim and the

3   alleged marijuana trafficking operation he orchestrated in Butte County.  If discovery

4   proceeds at this time, claimant will be placed in the difficult position of either invoking

5   his Fifth Amendment right against self-incrimination and losing the ability to pursue

6   his claim to the defendant properties, or waiving his Fifth Amendment right and

7   submitting to a deposition and potentially incriminating himself.  If he invokes his

8   Fifth Amendment right, the United States will be deprived of the ability to explore the

9   factual basis for the claim he filed with this court.

10        In addition, claimants intends to depose the law enforcement officers involved in

11   the investigation that led to claimant Cheal's indictment.  Allowing depositions of the

12   law enforcement officers at this time would adversely affect the ability of federal

13   authorities to prosecute the criminal case.  Moreover, the claimants have already

14   introduced requested written discovery regarding the criminal investigation.

15   Producing such documents at this time will compromise the ongoing criminal

16   investigation into the marijuana trafficking at the defendant properties.

17        Accordingly, the parties recognize that proceeding with this action at this time

18   has potential adverse affects on the investigation of the underlying criminal conduct

19   and/or upon claimant's ability to prove his claim to the property and assert any

20   defenses to forfeiture.  For these reasons, the parties jointly request that this matter be

21   stayed for sixty days.  At that time the parties will advise the court of the status of the

22   criminal case and will advise the court whether a further stay is necessary.

23

24        **8.    Scheduling of future proceedings, including suggested
             timing of the disclosure of expert witnesses and**

25        **information required by Rule 26(a)(2), completion
             dates for discovery and law and motion, and dates for**

26        **final pretrial conference and trial**:

27

28   In light of the requested stay, the parties ask that the case not be scheduled at

1    this time.

2

3        **9.  Estimate of trial time**:

4        Plaintiff estimates that a trial of this matter would take no more than three

5    days.

6

7        **10.  Appropriateness of special procedures**:

8        Not applicable.

9

10       **11.    Modification of standard pretrial procedures because
              of the relative simplicity or complexity of the action
11             or proceedings**:

12       Not applicable.

13

14

        **12.    Whether the case is related to any other case,
15             including any matters in bankruptcy**:

16

        On May 25, 2012, the United States filed notice to relate this *in rem* action to
17

    *United States v. Robb Cheal, et al.*, 2:12-CR-00185-JAM.
18

19

        **13.    Prospects for settlement:**
20

        The parties are unable to assess the likelihood of settlement at this time.
21

22

        **14.    Any other matters that may add to the just and
23             expeditious disposition of this matter**:

24       None.

25   Dated: 5/29/12                              BENJAMIN B. WAGNER
                                                 United States Attorney
26

27                                   By:   /s/ Kevin C. Khasigian
                                           KEVIN C. KHASIGIAN
28                                         Assistant U.S. Attorney

                                 5          Joint Status Report, Request for Stay, and Order Thereon
                                                                                      [Proposed]

1

2

Dated: 5/29/12 _____                          /s/ John J. Fuery _____
3                                                JOHN J. FUERY
                                                 Attorney for claimant Robb H. Cheal
4

5

Dated: 5/29/12 _____                          /s/ G. Cale for _____
6                                                KAREN GOODMAN
                                                 Attorney for claimant Frances Toburen
7

8  Dated: 5/29/12 _____                       /s/ Brad J. Stephens _____
                                                 BRAD J. STEPHENS
9                                                Attorney for claimant Linda C. Barnes,
                                                 Butte County Tax Collector
10

11                                               **(Original signatures retained by
                                                 attorney)**
12

13                              **ORDER**

14         For the reasons set forth above, this matter is stayed pursuant to 18

15  U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for sixty days.  On or before <u>July</u>

16  <u>28, 2012</u> the parties will advise the Court whether a further stay is necessary.

17         The scheduling conference scheduled for June 11, 2012, is vacated.

18

19  IT IS SO ORDERED.

20  Dated:   June 8, 2012

                                                 /s/ John A. Mendez _____
21                                               JOHN A. MENDEZ
                                                 United States District Court Judge
22

23

24

25

26

27

28

Joint Status Report, Request for Stay, and Order Thereon
                                                                      [Proposed]