BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VACANT LAND LOCATED IN FOREST RANCH, CALIFORNIA, BUTTE COUNTY, APN: 063-010-067-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>Defendants. | 2:12-CV-00477-JAM-DAD<br><br>JOINT STATUS REPORT, REQUEST FOR STAY, AND ORDER THEREON<br><br><br>Date:       June 11, 2012<br>Time:       9:00 a.m.<br>Courtroom:  No. 10 |

The parties submit the following Joint Status Report, Request for Stay, and Order Thereon (Proposed) pursuant the Court's February 24, 2012 Order:

**1. Summary of Claims**

This is a civil forfeiture case, initiated by a complaint for forfeiture *in rem* filed on February 23, 2012. The defendant properties, on vacant land in Forest Ranch, California, Butte County, APN: 063-010-067-000, APN: 063-010-061-000 and APN: 063-300-144-000, are subject to forfeiture to the United States because they were used to facilitate federal drug crimes. Specifically, it is alleged that Robb H. Cheal and
1   Joint Status Report, Request for Stay, and Order Thereon
    [Proposed]

other co-schemers conspired to manufacture at least 1,000 marijuana plants on the defendant properties. The *in rem* complaint alleges that defendant properties are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

Frances Toburen filed a claim on March 28, 2012 and an answer on April 11, 2012. Ms. Toburen denies any knowledge of unlawful conduct on the defendant properties.[1]

Robb H. Cheal filed a claim on April 4, 2012 and an answer on April 20, 2012.

Linda C. Barnes, Butte County Tax Collector, filed a claim and answer in this action on April 19, 2012.

**2.    Service**:

The forfeiture complaint *in rem* was sent to all individuals believed to have an interest in the defendant properties. In addition, notice by publication is complete, as reflected in a declaration of publication filed May 17, 2012.

**3.    Possible joinder of additional parties**:

None Anticipated.

**4.    Any expected or desired amendment of pleadings**:

None anticipated at this time.

**5.    Jurisdiction and venue**:

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1345 and 28

---

[1] Ms. Toburen issued written discovery to the United States concerning the marijuana evidence used to support the forfeiture complaint and, specifically, her interest in the defendant properties. The discovery was initially due on May 16, 2012, and the United States obtained an extension until June 8, 2012. Any discovery obligations are stayed in light of this Stipulation. Ms. Toburen reserves the right to summarily adjudicate the issues relative to her interest in the defendant properties once the stay has been lifted and discovery completed.

1   U.S.C. § 1355(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1355 and  28
2   U.S.C. § 1395(a).

3

4   **6.   Anticipated motions and suggested dates**:

5   In light of the parties' joint request for a sixty day stay (see below), the parties
6   do not request that motion dates be scheduled at this time.

7

8   **7.   Anticipated and outstanding discovery:**

9   (1)   What changes should be made in the timing, form, or
        requirement for disclosures under Rule 26(a), including a
10      statement as to when disclosures under subdivision (a)(1)
        were made or will be made:

11

12  (2)   The subjects on which discovery may be needed, when
        discovery should be completed, and whether discovery should
        be conducted in phases or be limited to or focused upon
13      particular issues:

14  (3)   What changes should be made in the limitations on discovery
        imposed under the Federal Rules of Civil Procedure of the
15      Local Rules, and what other limitations should be imposed:

16  As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil
17  Procedure, civil forfeiture actions are now exempt from the initial disclosure
18  requirements applicable to most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(E)(ii).
19  In addition, rather than fully schedule this case at this time, the parties jointly
20  request a sixty day stay of further proceedings in this matter.
21  The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C.
22  § 881(i).   The United States contends that the defendant properties were used to
23  facilitate federal drug crimes and are therefore subject to forfeiture pursuant to 21
24  U.S.C. § 881(a)(7).
25  Claimant Robb Cheal was indicted on May 17, 2012 in the Eastern District of
26  California on one count of conspiracy to manufacture and possess with intent to
27  distribute marijuana, one count of possession with intent to distribute marijuana, and
28  one county of manufacture of marijuana plants.  *United States v. Robb Cheal, et al.*,

3   Joint Status Report, Request for Stay, and Order Thereon
    [Proposed]

1  2:12-CR-00185-JAM.

2  The United States intends to depose claimant Cheal regarding his claim and the
3  alleged marijuana trafficking operation he orchestrated in Butte County.  If discovery
4  proceeds at this time, claimant will be placed in the difficult position of either invoking
5  his Fifth Amendment right against self-incrimination and losing the ability to pursue
6  his claim to the defendant properties, or waiving his Fifth Amendment right and
7  submitting to a deposition and potentially incriminating himself.  If he invokes his
8  Fifth Amendment right, the United States will be deprived of the ability to explore the
9  factual basis for the claim he filed with this court.

10  In addition, claimants intends to depose the law enforcement officers involved in
11 the investigation that led to claimant Cheal's indictment.  Allowing depositions of the
12 law enforcement officers at this time would adversely affect the ability of federal
13 authorities to prosecute the criminal case.  Moreover, the claimants have already
14 introduced requested written discovery regarding the criminal investigation.
15 Producing such documents at this time will compromise the ongoing criminal
16 investigation into the marijuana trafficking at the defendant properties.

17  Accordingly, the parties recognize that proceeding with this action at this time
18 has potential adverse affects on the investigation of the underlying criminal conduct
19 and/or upon claimant's ability to prove his claim to the property and assert any
20 defenses to forfeiture.  For these reasons, the parties jointly request that this matter be
21 stayed for sixty days.  At that time the parties will advise the court of the status of the
22 criminal case and will advise the court whether a further stay is necessary.

24  **8.    Scheduling of future proceedings, including suggested
25          timing of the disclosure of expert witnesses and
            information required by Rule 26(a)(2), completion
26          dates for discovery and law and motion, and dates for
            final pretrial conference and trial**:

28  In light of the requested stay, the parties ask that the case not be scheduled at

this time.

**9. Estimate of trial time**:

Plaintiff estimates that a trial of this matter would take no more than three days.

**10. Appropriateness of special procedures**:

Not applicable.

**11.  Modification of standard pretrial procedures because of the relative simplicity or complexity of the action or proceedings**:

Not applicable.

**12.  Whether the case is related to any other case, including any matters in bankruptcy**:

On May 25, 2012, the United States filed notice to relate this *in rem* action to *United States v. Robb Cheal, et al.*, 2:12-CR-00185-JAM.

**13.  Prospects for settlement:**

The parties are unable to assess the likelihood of settlement at this time.

**14.  Any other matters that may add to the just and expeditious disposition of this matter**:

None.

Dated: 5/29/12                                            BENJAMIN B. WAGNER
                                                                        United States Attorney

                                                             By:   /s/ Kevin C. Khasigian
                                                                        KEVIN C. KHASIGIAN
                                                                        Assistant U.S. Attorney

| | |
|---|---|
| Dated: 5/29/12 | /s/ John J. Fuery<br>JOHN J. FUERY<br>Attorney for claimant Robb H. Cheal |
| Dated: 5/29/12 | /s/ G. Cale for<br>KAREN GOODMAN<br>Attorney for claimant Frances Toburen |
| Dated: 5/29/12 | /s/ Brad J. Stephens<br>BRAD J. STEPHENS<br>Attorney for claimant Linda C. Barnes,<br>Butte County Tax Collector |

**(Original signatures retained by attorney)**

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for sixty days. On or before July 28, 2012 the parties will advise the Court whether a further stay is necessary.

The scheduling conference scheduled for June 11, 2012, is vacated.

IT IS SO ORDERED.

Dated: June 8, 2012

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge